# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3254 | **DATE** | 8/7/2012 |
| **CASE TITLE** | Hall vs. France, et al. | | |

**DOCKET ENTRY TEXT**

The Order [23] entered 8/2/2012 is vacated and this order is entered in its place. The motion of Michelle France and Glen Cahall to transfer this case to the Southern District of Ohio [21] is granted. The Clerk is directed to transfer this case to the Southern District of Ohio. The principal amount of $16,000 now held in the registry of this court, plus any interest which may have accrued, less any registry fee that may be due, shall likewise be transferred to the Southern District of Ohio. Civil case terminated.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Central States, Southeast and Southwest Areas Health and Welfare Fund filed this interpleader action to determine the proper beneficiary of a life insurance policy held by a decedent, Donald Cahall, who had been an employee participant in the Fund's benefit plan. The Fund deposited the amount of the benefit, $16,000, with the registry of the court, and this court dismissed it from the action. The case is now between Cahall's two children, Glenn Cahall and Michelle France on one hand and William E. Hall on the other. Glenn Cahall was served in the District of Colorado; Michelle France was served in Beavercreek, Ohio; and William Hall was served in Asheville, Ohio. Both Beavercreek and Asheville are located within the Southern District of Ohio. Hall, now designated as plaintiff, has appeared by counsel and moved to transfer the case to southern Ohio. Neither Glenn Cahill nor Michelle France has entered an appearance, although Ms. France addressed a letter to the court asserting her and Glenn Cahill's claim to the money. That letter which has a return address of Beavercreek, Ohio, has been filed on the docket and may be treated as an answer to the complaint. Hall now seeks to transfer the case to Ohio, representing that all parties agree to the transfer.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The moving party must show that venue is proper in the transferor district and in the transferee district; (2) that transfer serves the convenience of the parties and witnesses, and (3) that transfer is in the interests of justice. *See Gueorguiev* v. *Max Rave, LLC*, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007) (citing *Bryant* v. *ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999)). Venue is proper in the Northern District of Illinois because the Fund is administered here. *See* 29 U.S.C. § 1132(e)(2). Venue is also proper in the Southern District of Ohio because at least one defendant was found there when served and apparently resides there. *See* 29 U.S.C. § 1132(e)(2).

Inasmuch as the Fund is no longer a party, the movant is the only claimant who has appeared, and two of the

| STATEMENT |
|---|
| three claimants to the proceeds of the policy appear to be residents of Ohio, the convenience of the parties would be served by transfer to Ohio. The disposition of the case, if not by default, will likely turn on documents, which are readily transportable. The court finds no interest of justice favoring requiring the litigation to proceed in this district, which is inconvenient for all parties. |